

## NUMBER 13-09-007-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**CLIFFORD KING,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 319th District Court of
### Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion by Justice Yañez**

Pursuant to a plea agreement, appellant, Clifford King, pleaded guilty to aggravated assault, a second-degree felony,[1] and was placed on deferred-adjudication community supervision for five years.[2] The State filed a motion to revoke appellant's community

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (Vernon Supp. 2009).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).

supervision, alleging multiple violations of the terms of community supervision. Appellant

pleaded "true" to several of the allegations. The trial court revoked appellant's community

supervision, adjudicated him guilty of the underlying offense, and sentenced him to five

years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

The trial court certified appellant's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-

appointed appellate counsel has filed a brief with this Court, stating that his review of the

record yielded no grounds or error upon which an appeal can be predicated. Although

counsel's brief does not advance any arguable grounds of error, it does present a

professional evaluation of the record demonstrating why there are no arguable grounds to

be advanced on appeal.[3]

In compliance with *High v. State*,[4] appellant's counsel has carefully discussed why,

under controlling authority, there are no errors in the trial court's judgment. Counsel has

informed this Court that he has: (1) examined the record and found no arguable grounds

to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on

appellant, and (3) informed appellant of his right to review the record and to file a pro se

---

[3] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[4] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

response.[5]  More than an adequate period of time has passed, and appellant has not filed a pro se response.[6]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[7]  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[8]  Accordingly, we affirm the judgment of the trial court in each case.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[9]  We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a

---

[5] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[6] *See In re Schulman*, 252 S.W.3d at 409 n.23.

[7] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[8] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[9] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).

petition for discretionary review.[10]

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010.

---

[10] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.